UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LLOYD THOMAS                                                                                         PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 3:20-CV-679-TSL-RPM

COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

**REPORT AND RECOMMENDATIONS**

This matter is before the undersigned on Plaintiff Lloyd Thomas' appeal from the Commissioner of Social Security's decision denying his claim for disability benefits under the Social Security Act (the Act). Thomas was 54 years old on the date he applied for benefits. Doc. [10] at 51. He completed four or more years of college and performed past work as a machine operator. *Id.* at 167. In his application, he alleged an onset of disability beginning March 25, 2017, due to a stroke. *Id.* at 143, 166. His application was denied initially and on reconsideration. *Id.* at 67, 76. Thomas requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 27-50, 84-86.

On April 1, 2020, the ALJ issued a decision finding Thomas not disabled. *Id.* at 12-20. The ALJ determined that Thomas had not been engaged in substantial gainful activity since March 12, 2018; and that he suffered from severe impairments of cerebral vascular accident and obesity. *Id.* at 14. However, the ALJ found that Thomas does not meet the requirements for any of the listed impairments under the Act. *Id.* at 14-15. The ALJ concluded that Thomas has the residual functional capacity (RFC) to perform a full range of medium work. *Id.* at 15. Relying on the testimony of a vocational expert, the ALJ found that Thomas can perform past relevant work as a machine operator II; therefore, he is not disabled as defined by the Act. *Id.* at 19. The Appeals Council denied Thomas' request for review. *Id.* at 4-8. Thomas then filed the instant

complaint in federal court. Doc. [1]. In his memorandum brief, Thomas argues that (1) the ALJ's RFC determination is unsupported by substantial evidence because she failed to properly assess Dr. Noella Misquita's opinion evidence; and (2) the ALJ failed to apply proper legal standards when considering Thomas' sarcoidosis. Doc. [11].

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive; and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are

2

within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**Dr. Misquita's Medical Opinion—Postural Limitations**

Thomas argues that the ALJ did not properly assess Dr. Misquita's medical opinion; therefore, the RFC is not supported by substantial evidence. The ALJ found that Thomas had the RFC to perform a full range of medium work. Doc. [10] at 15. Dr. Misquita, who performed a consultative examination, opined that Thomas had exertional limitations consistent with medium

work, but she identified additional postural and environmental limitations. *Id.* at 353. The ALJ found Dr. Misquita's opinion partially persuasive but rejected the postural and environmental limitations because "both portions of her opinion was [sic] based on claimant's self-reports and not supported by her own examination of claimant." *Id.* at 18.

Whether the ALJ properly evaluated medical opinions and whether substantial evidence supports an RFC determination are legally distinct issues. Under the social security regulations, an ALJ is required to "explain" his persuasiveness finding insofar as "consistency" and "supportability" are concerned. 20 C.F.R. § 404.1520c; 20 C.F.R. § 416.920c. If the Court cannot determine the ALJ's reasons for finding a given medical opinion to be persuasive in the first instance, the Court cannot determine whether that finding is supported by substantial evidence. *Vaughn v. Comm'r of Soc. Sec.*, No. 20-1119, 2021 WL 3056108, at *11 (W.D.Tenn. July 20, 2021). In short, the question of whether an ALJ provided an adequate discussion to allow for meaningful judicial review is a threshold question that is addressed before reaching the issue of substantial evidence. *Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6–*7 (S.D.Miss. Sept. 15, 2021).

The Social Security regulations provide that an ALJ "will consider all evidence in [a claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. § 404.1520(a)(3). Pursuant to 20 C.F.R. § 404.1520c, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)". In other words, ALJs are no longer required to give controlling weight to the opinions of treating physicians. However, before an ALJ may discount or reject an opinion, he or she must "articulate in [the] determination or decision how persuasive [the ALJ] find[s] *all* of the medical opinions ... in [the claimant's] case

4

record." 20 § 404.1520c(b) (emphasis added); *see Moore v. Saul*, No. 3:20-CV-48-DPJ-MTP, 2021 WL 754833, at *3 (S.D.Miss. Feb. 26, 2021). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. 404.1520c(b)(2).

Thomas first argues that the ALJ did not indicate how persuasive she found Dr. Misquita's opinion. Doc. [11] at 5. This is incorrect. The ALJ specifically found Dr. Misquita's opinion to be "partially persuasive". Doc. [10] at 18. In finding Thomas capable of performing a full range of medium work, the ALJ accepted Dr. Misquita's findings regarding exertional limitations but rejected any additional postural or environmental limitations. *Ibid.*

Thomas next argues that the ALJ did not provide a "sufficient rationalization as to how she analyzed [Dr. Misquita's] opinion evidence." Doc. [11] at 6. He asserts that "the inclusion of the postural limitations Dr. Misquita opined would necessitate finding Plaintiff could not perform his past relevant work." *Id.* at 7. In essence, Thomas argues that the ALJ's persuasiveness analysis was inadequate with respect to Dr. Misquita's medical opinion regarding postural limitations.

The ALJ recited Dr. Misquita's consultative examination findings and the limitations assigned by her. Doc. [10] at 17. The ALJ then discounted Dr. Misquita's opinion and found it only "partially persuasive" because the "opinion was based on claimant's self-reports and not supported by her own examination of the claimant." *Id.* at 18. To support this conclusion, the ALJ then recited many of Dr. Misquita's examination findings. *Ibid.* As noted by the ALJ, Dr. Misquita observed normal gait; tandem was a little unsteady, but Thomas could walk on his toes

5

and heels okay; negative Romberg test; normal coordination; normal muscle bulk and tone; 5/5 grip; 5/5 muscle strength; and Thomas was released to home after May 2018 stroke with no need for physical therapy. *Ibid.* Dr. Misquita stated the following with respect to Thomas' postural activities: "Climbing steps and stairs frequently, ladders, scaffold, ropes; and balance occasionally. Stooping, crouching, kneeling, and crawling, no limitations." Doc. [10] at 353. As justification for these limitations, Dr. Misquita stated "[p]er claimant history and notes, history of stroke, some unsteadiness on tandem walking." *Ibid.* Thus, contrary to the ALJ's characterization, Dr. Misquita justified the assignment of postural limitations in part on her own examination findings of Thomas. Specifically, she observed "[t]andem was a little unsteady" during her examination of Thomas. *Id.* at 351.

The ALJ rejected Dr. Misquita's medical opinion insofar as it related to postural limitations; however, the ALJ did not rely on any other medical opinion evidence to support a finding of no postural limitations. The only other medical opinion evidence discussed by the ALJ were those of the State agency physicians, whom the ALJ rejected as "not terribly persuasive." "[W]hen the ALJ rejects the only medical opinion of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Simoneaux v. Comm'r of Soc. Sec.*, No. CV 18-270-RLB, 2019 WL 2269916, at *8 (M.D. La. May 28, 2019) (quoting *Garcia v. Berryhill*, No. EP-17-CV-00263-ATB, 2018 WL 1513688, at *2 (W.D.Tex. Mar. 27, 2018)). Unless the remaining record "clearly establish[es]" the effect that the claimant's condition has on his ability to work, the ALJ must fill this evidentiary gap with another medical opinion. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). While the ALJ has the ultimate responsibility to determine an applicant's RFC, "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely

on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 F.App'x 828, 832 n.6 (5th Cir. 2009). When this occurs, the "error is harmful and requires remand" because "the ALJ's determination is not based on substantial evidence." *McCool v. Saul*, No. 3:19-CV-00393, 2020 WL 4905501, at *4 (S.D. Tex. Aug. 20, 2020). Having rejected Dr. Misquita's opinion with respect to Thomas' postural limitations, and in the absence of any medical opinion supporting a finding of a full range of medium work, the undersigned concludes that the ALJ's RFC determination lacks substantial evidence. *See Williams*, 355 F.App'x at 831-32; *Martin v. Berryhill*, No. 1:18CV167-HSO-RHW, 2019 WL 4439122, at *4 (S.D.Miss. June 14, 2019).

The vocational expert's testimony indicated that certain postural limitations would preclude Thomas from performing past relevant work. Doc. [10] at 49. The hypothetical posed to the vocational expert by the ALJ was significantly more restrictive in its postural limitations than those outlined by Dr. Misquita. *Compare id.* at 49 & 353. However, given that the ALJ failed to fully account for the medical opinion evidence regarding postural limitations, and given that certain postural limitations would preclude Thomas from performing his past relevant work, the undersigned cannot say that the Plaintiff was not prejudiced.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the decision of the Commissioner be reversed and that the matter be remanded for further proceedings.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 22nd day of July 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE